UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

    Plaintiff,

v.                                     Case No. 2:24-cv-12312
                                       District Judge David M. Lawson
                                       Magistrate Judge Kimberly G. Altman

WYNPOINTS RESORT RENTALS
INC., and CARRIE SUNSHINE
SPITALIERI

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER
(ECF No. 10)
AND
ORDER TO SHOW CAUSE
AS TO WYNPOINTS RESORT RENTALS, INC.**

I.

This is a consumer rights case under the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227 *et seq.*, and the Michigan Facsimile Machines Act (MFMA), M.C.L. § 445.1771 *et seq.* On October 1, 2024, all pretrial matters were referred to the undersigned. (ECF No. 9).

Plaintiff Mark W. Dobronski (Dobronski), proceeding *pro se*, has sued defendants Wynpoints Resort Rentals Inc. (Wynpoints) and Carrie Sunshine

Spitalieri (Spitalieri). Both defendants were served on September 14, 2024. (ECF Nos. 6, 7). Their answers were due on October 7, 2024. (*Id.*). Spitalieri, proceeding *pro se*, filed an answer on September 26, 2024, on behalf of herself and Wynpoints. (ECF No. 8).

Before the Court is Dobronski's motion to strike defendants' answer because Wynpoints, as a corporation, must be represented by counsel. (ECF No. 10). Defendants have not responded to Dobronski's motion, and the time for doing so has passed. For the reasons that follow, the motion is DENIED. However, Wynpoints is ordered to show cause as explained below.

II.

Dobronski is correct that Wynpoints must have a lawyer appear on its behalf. Indeed, it is well settled that a corporation cannot appear in federal court except through a lawyer. *S.E.C. v. Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

Courts in the Sixth Circuit have held that a default judgment is appropriate when a corporate defendant has failed to obtain and appear through counsel. *See Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011) (describing district court's

decision to order corporate defendant to show cause why default judgment should not be entered against them for failure to secure an attorney as required by 28 U.S.C. § 1654); *State Farm Mut. Auto. Ins. Co. v. Edward L. Johnson, P.C.*, No. 11-13819, 2013 WL 2456006, at *5 (E.D. Mich. June 6, 2013) (Cook, J.) (holding default judgment appropriate where defendant could not proceed without counsel under federal law and was specifically warned that failure to obtain counsel would result in a default judgment against it).

The Court will not strike defendants' answer, because it is still valid as to Spitalieri, an individual who can appear without a lawyer.[1] However, Wynpoints cannot properly appear in the case without a lawyer.

Accordingly, Wynpoints is required to SHOW CAUSE why a default judgment should not be entered against it for failing to obtain a lawyer to represent it. Wynpoints can satisfy this order by obtaining a lawyer who files an appearance by **December 2, 2024**. Wynpoints is also cautioned that if it does not get a lawyer to appear by this date, it may result in a recommendation that a default judgment be entered against it.

SO ORDERED.

Dated: October 29, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

---

[1] Although Spitalieri can choose to represent herself, she is also free to retain a lawyer.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2024.

                                       s/Kristen Castaneda
                                       KRISTEN CASTANEDA
                                       Case Manager