UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

        Plaintiff,

v.

WYNPOINT RESORTS RENTALS, INC. d/b/a
VRP BOOKING, and CARRIE SUNSHINE
SPITALIERI,

        Defendants.
_____/

Case Number 24-12312
Honorable David M. Lawson
Magistrate Judge Kimberly G. Altman

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT WYNPOINT RESORTS RENTALS, INC.

On September 5, 2024, the plaintiff filed his complaint in this case alleging that the defendants violated the Telephone Consumer Protection Act (TCPA) and the Michigan Facsimile Machines Act (MFMA) by sending him unsolicited facsimile advertisements. The Court referred the case to the assigned magistrate judge for management of all pretrial proceedings. On December 16, 2024, Magistrate Judge Kimberly G. Altman issued a report pursuant to 28 U.S.C. § 636(b) recommending that the Court enter a default judgment against defendant Wynpoint Resorts Rentals, Inc., based on that defendant's failure properly to appear through counsel and defend the case. The deadline for filing objections to the report has passed, and no objections have been filed. The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the magistrate judge.

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the party may "apply to the court for a default judgment," Fed. R. Civ. P. 55(b)(2), and, if necessary, "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages," Fed. R. Civ. P. 55(b)(2)(B); *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009). However, if judgment is sought for a sum certain, then a default judgment may be entered by the Clerk of Court. Fed. R. Civ. P. 55(b)(1). When a defendant fails to appear and defend by properly tendering an answer or motion challenging the complaint, the Court must accept all well pleaded factual allegations in the complaint as true. *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013).

The plaintiff brought claims under the Telephone Consumer Protection Act of 1991 (TCPA), 42 U.S.C. § 227 *et seq.*, as amended by the Junk Fax Protection Act of 2005, Pub. L. 109-21, alleging that he received four unsolicited facsimile communications sent by defendant Wynpoint to plaintiff's fax machine at specified dates and times, and that the parties had no established business relationship prior to the communications. The plaintiff alleged that the unsolicited communications were sent willfully in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(i), and that none of the messages included "opt out" notices as mandated by 47 C.F.R. § 64.1200(a)(4)(iii). The plaintiff prayed for recovery of statutory damages in the amount of $500 for each of the eight distinct TCPA violations, for a total of $4,000, increased to treble that amount based on the allegation of willful violations, as provided for by 47 U.S.C. § 227(b)(3)(B), (C). The plaintiff separately pleaded corresponding violations of the Michigan Facsimile Machines Act, Mich. Comp. Laws § 445.1771 *et seq.*, which similarly proscribes the

sending of unsolicited facsimile communications. The plaintiff prayed for an additional award of statutory damages in the amount of $500 per violation ($2,000 total) for the state law transgressions, as authorized by Michigan Compiled Laws § 447.1776. The complaint sought entry of judgment in a sum certain amount of $14,000 for all of the alleged violations.

As the magistrate judge explained in her report and recommendation, defendant Wynpoint is a corporation, and it therefore must have a lawyer appear on its behalf in civil proceedings in federal court. It is well settled that a corporation cannot appear in federal court except through an attorney. *SEC v. Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). The magistrate judge observed that defendant Carrie Spitalieri attempted to file an answer on Wynpoint's behalf, but that filing was ineffective because Spitalieri is not a lawyer. Courts in this circuit have held that a default judgment is appropriate when a corporate defendant has failed to obtain and appear through counsel. *Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011); *see also State Farm Mut. Auto. Ins. Co. v. Edward L. Johnson, P.C.*, No. 11-13819, 2013 WL 2456006, at *5 (E.D. Mich. June 6, 2013) (Cook, J.). The defendants have not objected to the magistrate judge's conclusions on this point

No party presented any effective contest on Wynpoint's behalf to the plaintiff's allegations that he incurred statutory damages in the amount of $14,000 based on receipt of four unsolicited facsimile communications sent by the defendant. Under Federal Rule of Civil Procedure 54(b), the Court may enter judgment against one of several defendants if it finds that there is "no just reason for delay" in doing so. In light of defendant Wynpoint's undisputed failure to participate in the litigation and the lack of contest to the prayer for judgment in a sum certain amount, the

Court finds that there is no just reason for delay here. The defendant has not rebutted the plaintiff's allegations that he is entitled to recovery of the statutory damages prayed for in his complaint, which are authorized by the applicable state and federal regulations. The Court therefore will enter a default judgment against defendant Wynpoint only.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 12) is **ADOPTED**, and a default judgment in the amount of $14,000 in favor of the plaintiff and against defendant Wynpoint Resorts Rentals, Inc. separately shall enter.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   January 23, 2025